UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RUSSELL GEISSLER, | ) C/A No. 4:17-0236-MBS-TER |
| Plaintiff, | ) |
| | ) ORDER |
| vs. | ) |
| | ) |
| LISA YOUNG, CAPTAIN OF SALUDA DORM; DENNIS BUSH, WARDEN, BROAD RIVER PRISON; BRIAN SMITH, LT. OVER SALUDA ON NIGHT SHIFT; McCLEAN, CORRECTIONAL OFFICER AT BRCI, | ) |
| Defendants. | ) |

Presently before the court are Plaintiff's Motion to Amend his complaint (doc.#38), Defendants' Motion to Stay Discovery and for an extension to respond to Plaintiff's outstanding motions (doc. #47), Plaintiff's Motion requesting the court to provide him a free electronic copy of all filed documents in his case (doc.#57), Plaintiff's "Motion to Present Compelling Witnesses and Time Extension or Continuance" (doc. #58), and Plaintiff's Motion to Request Document Production (doc. #59)[1]

First, Plaintiff has filed a Motion to Amend his complaint to add additional

---

[1] Defendants' Motion to Dismiss is outstanding and will be addressed after Plaintiff files his amended complaint.

1

defendants, change the spelling of some of the current Defendants, amend the relief requested, and add causes of action. (Doc. #38).

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, after the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). However, "[m]otions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). Thus, "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 602-03 (4th Cir. 2010).

The Motion to Amend (doc. #38) is **granted** provided Plaintiff files his proposed amended complaint containing within twenty days from the date of this order.

Defendants' Motion to Stay Discovery (doc. #47) until the court addresses their Motion to Dismiss is **denied**. Defendants shall have thirty days from the date of this

2

order to respond to Plaintiff's discovery requests.

Plaintiff's motion requesting the court to provide him with a free copy of all electronic filings in this case (doc. #57) is **granted** and the Clerk of Court is directed to forward Plaintiff said copies to the Plaintiff.

Plaintiff filed a motion entitled "Motion to Present Compelling Witnesses and Time extention or Continuance." (Doc. #58). Defendants filed a response in opposition. (Doc. #63). In this motion, Plaintiff requests the court to obtain affidavits from certain officers and inmates "to support his claim as evidence before the court is to make a dicison (sic) on Summary Judgment." (Doc. #58). Plaintiff further requests the court to subpoena the witnesses to testify on his behalf.

This motion is denied with respect to the court obtaining affidavits from officers and inmates to support his claim in deciding the motion for summary judgment. A motion for summary judgment has not been filed at this time and this court does not conduct discovery. The parties may conduct discovery as provided by the Federal Rules of Civil Procedure and the Local Rules of the District of South Carolina. See generally, Rules 30 through 37, Fed. R. Civ. P., and Local Rules, D.S.C.[2] Further, to the extent Plaintiff is attempting to subpoena witnesses to testify at trial, such request is denied as premature. Therefore, this motion (doc. #58) is **denied**.

---

[2] As to any request for appointment of counsel that Plaintiff may be making in this motion is denied for the reasons set forth in the order of May 16, 2017 (doc. #49).

Plaintiff's Motion to Compel discovery requests (doc. #59) is **denied as moot** in that the Defendants' motion to stay discovery has been denied within this order, and Defendants have been given thirty days to respond to Plaintiff's discovery.

IT IS SO ORDERED.

                        s/Thomas E. Rogers, III
                        Thomas E. Rogers, III
                        United States Magistrate Judge

June 9, 2017
Florence, South Carolina