UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RUSSELL GEISSLER, | ) | C/A No. 4:17-0236-MBS-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| LISA YOUNG, CAPTAIN OF SALUDA | ) | |
| DORM; DENNIS BUSH, WARDEN, BROAD | ) | |
| RIVER PRISON; BRIAN SMITH, LT. OVER | ) | |
| SALUDA ON NIGHT SHIFT; McCLEAN, | ) | |
| CORRECTIONAL OFFICER AT BRCI, | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the court is Plaintiff's Motion to Compel Discovery. (Doc. #89). Defendants filed a response to the motion. (Doc. #97).

In this motion, Plaintiff has complained about responses to Interrogatories #3, 4, 5, 8, 11 and 12 presented to Defendant Bush. In this motion, Plaintiff requests that ". . . defendants be compelled to answer the questions to a more specific and acceptable standard. The Defendant claim that certain parts of the Interrogatories can be answered via S.C.D.C. Policy if Plaintiff takes the time to look them up. It was not the Plaintiff's request to what the policies are, it was the Plaintiff's request for yes and no answers." (Doc. #89).

1

Defendants filed a response stating that the motion to compel should be denied because Defendant Bush adequately responded to Plaintiff's discovery requests. (Doc. #97 at 4).[1] Additionally, Defendants assert that with regard to Plaintiff's complaint that the interrogatories were not answered with "yes" or "no" answers, no interrogatory requested such a response. Defendants argue that the responses are appropriately detailed to answer what they understand his questions to be or to direct Plaintiff to SCDC Policy and Procedures that provides the relevant information.

With regard to the discovery requests addressed to Defendant Bush, Plaintiff refers specifically to Interrogatories #3, #4, #5, #8, #11, and #12. Each will be discussed below.

> Interrogatory#3: Is it against policy and procedure to give more than one tray per meal time to an inmate?
>
> Response: Upon information and belief, Plaintiff has access to

---

[1] Defendants argue that Plaintiff has still not provided a clear and concise amended complaint and they are left to attempt to interpret numerous and often inconsistent pleadings/filings in an effort to ascertain the nature and scope of Plaintiff's claims. Defendants assert that "attempt is complicated by the fact that Plaintiff's entire Warden's jacket, Central Record, medical records and grievance history (a combined 816 pages, all of which has been produced to Plaintiff) contains little , if anything, to shed light on the Plaintiff's claims." (Doc. #97 at 5). Further, Defendants contend that Plaintiff refers to a note or "kite" he allegedly sent one of the Defendants in his pleadings which are not part of the materials in their possession. Defendants' motion for a more definite statement is addressed in a separate order by the court.

the non-restricted policies and procedures of SCDC at his Institution's law library. Plaintiff is requested to see responsive Policies and Procedures of SCDC, including but not limited to Food Service Operations (ADM-16.05) and Employee-Inmate Relations (ADM-11.34), for information responsive to this Interrogatory.

To the extent that this Interrogatory seeks an admission, it is denied.

Interrogatory #4: Is it against policy and procedure to share trade or sell one tray of an inmate to another inmate?

Response: Upon information and belief, Plaintiff has access to the non-restricted policies and procedures of SCDC at this Institution's law library. Plaintiff is requested to see responsive Policies and Procedures of SCDC, including but not limited to Food Service Operations (ADM-16.05) and Employee-Inmate Relations (ADM-11.34), for information responsive to this Interrogatory.

To the extent that this Interrogatory seeks an admission, it is denied.

Interrogatory #5: Is it against policy and procedure to "take side" or help one inmate to collect financial assets from another as an employee of the South Carolina Dept. of Corrections?

Response: Upon information and belief, Plaintiff has access to the non-restricted policies and procedures of SCDC at his Institution's law library. Plaintiff is requested to see responsive Policies and Procedures of SCDC, including but not limited to Employee-Inmate Relations (ADM-11.34), for information responsive to this Interrogatory.

>To the extent that this Interrogatory seeks an admission, it is denied.

Court's ruling: In response to Interrogatories #3, #4, and #5, Defendant Bush identified policies and procedures applicable to the Interrogatory. However, Defendant Bush should more directly respond to these Interrogatories which, if applicable, can include references to the particular policy and procedure. Otherwise, Defendant's responses are adequate.

>Interrogatory #8: Can you tell me the Courts the occupants of cell #132 and their charges on the dates of December 22, 2016 threw December 31, 2016?
>
>Response: This Interrogatory is burdensome, overbroad and seeks information not reasonably calculated to produce relevant or admissible information. Upon information and belief, the names or SCDC numbers of other Inmates are not relevant to this litigation and to produce the same may be a security concern without additional information from Plaintiff on why such information is sought.
>
>Interrogatory#11: Can you describe all items a vegetarian diet consists of?
>
>Response: Objection. Defendant objects on the grounds that the reference to "vegetarian diet" is vague and ambiguous. Subject to and without waiving the preceding objection, Defendants responds that upon information and belief, Plaintiff has access to the non-restricted policies and procedures of SCDC at this Institution's law library. Plaintiff is requested to see responsive Policies and Procedures of SCDC, including but not limited to Food Service Operations

(ADM-16.05). Furthermore, Plaintiff is encouraged to send a Request to Staff to the food service providers at his Institution of incarceration for more detailed information regarding daily food options or dietary requirements.

To the extent that this Interrogatory seeks an admission, it is denied.

Court's ruling: Defendant should respond to Interrogatory #8 to the extent of his knowledge, if any. Otherwise, the response to Interrogatory #11 is adequate.

Interrogatory#12: Is it normal procedure to allow an officer and an inmate to stay around each other after constitutional violations and lawsuits, areas, or are they placed in different areas of institution?

Response: Objection. Defendant objects to this interrogatory on the grounds that it is vague and calls for speculation about a hypothetical situation. Subject to and without waiving the preceding objection, Defendant responds that upon information and belief, Plaintiff has access to the non-restricted policies and procedures of SCDC at his Institutional's law library. Plaintiff is requested to see responsive Policies and Procedures of SCDC, including but not limited to Employee-Inmate Relations (ADM-11.34), for information responsive to this Interrogatory. Notwithstanding the previous objection, and not waiving the same, all Inmate and SCDC employee interactions, as they pertain to the interactions listed by Plaintiff in this Interrogatory, are evaluated on a case-by-case basis.

Court's ruling: The court finds the response to Interrogatory #12 to be sufficient.

As set forth above, Plaintiff's motion to compel (doc. #89) is GRANTED IN

PART AND DENIED IN PART.

IT IS SO ORDERED.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

August 15, 2017  
Florence, South Carolina