UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RUSSELL GEISSLER, | C/A No. 4:17-0236-MBS-TER |
| Plaintiff, | |
| vs. | |
| | ORDER |
| LISA YOUNG, CAPTAIN OF SALUDA DORM; DENNIS BUSH, WARDEN, BROAD RIVER PRISON; BRIAN SMITH, LT. OVER SALUDA ON NIGHT SHIFT; McCLEAN, CORRECTIONAL OFFICER AT BRCI, | |
| Defendants. | |

Presently before the court are Defendants' Motions to Dismiss (docs #34 and #78), in the alternative, Defendants' Motion for a More Definite Statement (doc. #78), and Plaintiff's Motion for Summary Judgment (doc. #88).

Defendants request that in the alternative to the complaint being dismissed, that the court require Plaintiff to provide a more definite statement, in unified complaint, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Defendants assert that the last amended complaint and its re-allegation of other unidentified and/or poorly identified prior filings, is so vague, ambiguous and confusing that they cannot reasonably prepare an Answer to it or prepare a defense to the allegations and claims

1

it makes. Defendants contend that in Part VI of the last amended complaint, Plaintiff "realleges all references in this case as fact including Original Complaint, Amended Complaint, Supplementary Complaint and Exhibits and Notes." Defendants argue that Plaintiff filed the original complaint dated January 4, 2017, filed a first "Supplemental Complaint" dated January 20, 2017, filed a second "Supplemental Complaint" dated January 31, 2017, filed a "Complaint for Violation of Civil Rights" dated February 14, 2017, filed Plaintiff's Third "Supplemental Complaint" on March 19, 2017, and filed the last amended complaint dated June 13, 2017. Defendants argue the meaning of "all references" is unclear but that Plaintiff is evidently attempting to incorporate all of his prior filings into the last amended complaint. Therefore, Defendants request that the court order the Plaintiff to provide a more definite statement, in unified complaint, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

Based on the court docket, Plaintiff filed his original complaint on January 25, 2017. He added supplemental pleadings on January 31, 2017, February 3, 2017, February 21, 2017, March 8, 2017, and March 23, 2017. (See Docs. 1-1 through 1-9). On June 19, 2017, Plaintiff filed an amended complaint stating "Plaintiff realleges all refrences (sic) in this case as fact including Original Complaint, Amended Complaint, Supplementary Complaint and Exhibits and Notes."  (Doc. #73, ¶ 24).

Defendants' Motion for a More Definite Statement (doc. #78) is GRANTED.

2

Plaintiff is instructed to file **one complete complaint to include all allegations** within thirty days from the date of this order. **Any incorporation by reference to prior pleadings, complaints, amendments, supplemental complaints, or aother filing will not be sufficient and will be void.**

As a consequence of granting the motion for more definite statement, Defendants' motions to dismiss (docs. #34 and #78) are deemed moot.

On July 20, 2017, Plaintiff filed a two page document entitled "Motion for Summary Judgment."(Doc. #88). In this document, Plaintiff seeks sanctions, including summary judgment, for Defendants failing to timely respond to discovery pursuant to court order. On June 9, 2017, Defendants were given thirty days to respond to Plaintiff's discovery requests. In their response, Defendants assert their responses were timely as they were mailed on Monday, July 10, 2017, since the thirty days fell on a Sunday, and attached a copy of the certificate of service. (Doc. #97-1). Additionally, in Plaintiff's Motion to Compel (doc. #89)[1], he admits the Defendants mailed the discovery responses on July 10, 2017, and that the thirtieth day fell on a Sunday, but argues the Defendants should have mailed the responses on the prior Friday or Saturday instead of waiting to Monday, July 10, 2017.

The court finds the responses to Plaintiff's discovery requests were timely and

---

[1] Plaintiff's Motion to Compel (Doc. #89) is addressed in a separate order of this court.

no sanctions are warranted. Thus, Plaintiff's motion (doc. #88) is denied.

IT IS SO ORDERED.

August 15, 2017  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge