IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Russell Geissler, #349604,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Dennis Bush, Warden, Broad River;<br>Lisa Young, Captain Saluda Unit;<br>Washington, Assoc. Warden Broad River;<br>Brian Smith, Lt. Nights Saluda Unit;<br>Orvil McClean, Correctional Officer<br>Broad River,<br><br>　　　　　Defendants. | C/A No. 4:17-236-MBS-TER<br><br>**O R D E R** |

Plaintiff Russell Geissler filed this action on January 25, 2017, alleging that his constitutional rights have been violated in various respects. See 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling.

The Magistrate Judge issued an order authorizing service of process on March 8, 2017. Summonses were issued to Defendants Bush, McClean, Smith, and Young the same day. On April 14, 2017, the Marshals Service filed Process Receipts and Returns indicating that the summons for Defendant Bush had been returned executed, and that the summonses had been returned unexecuted as to Defendants McClean and Smith. New summonses for Defendants McClean and Smith were issued by the court on May 16, 2017.

Plaintiff filed an amended complaint on June 19, 2017. On July 21, 2017, summonses were issued to Defendants Washington, McClean, and Smith. On August 7, 2017, the Marshals Service filed a Process Receipt and Return indicating that the summons was returned unexecuted as to

Defendant McClean. On August 28, 2017, Plaintiff filed a motion for default judgment against Defendant Brian Smith. On August 29, 2017, Plaintiff filed a second amended complaint. On August 31, 2017, the Marshals Service filed a Process Receipt and Return indicating that the summons was returned unexecuted as to Defendant Smith as to the first amended complaint. Also on August 31, 2017, the Magistrate Judge issued a Report and Recommendation in which he recommended that Plaintiff's motion for default judgment be denied as premature because Defendant Smith had not been served.[1]

Plaintiff filed objections to the Report and Recommendation on September 11, 2017. Plaintiff advised the court that Defendant Smith's roommate had been served with copies of the summons and complaint on July 19, 2017. In support of his argument, Plaintiff attached a copy of a Process Receipt and Return from the United States Marshals Service. The Process Receipt was not included in the court's records.

Defendants Bush, Washington, and Young (the "SCDC Defendants") filed a reply in opposition to Plaintiff's objections on September 25, 2017. The SCDC Defendants assert that, judging from the dates reflected on the receipt, Defendant Smith had been served with Plaintiff's original complaint, which already had been superseded by the first amended complaint filed on June 19, 2017. The SCDC Defendants contend that service was ineffective because Defendant Smith had been served with an inoperative complaint. Plaintiff filed a response on October 2, 2017, essentially arguing that he had been disadvantaged in locating a viable address for Defendant Smith. On

---

[1] For purposes of completeness, the docket reflects that the Marshals Service filed Process Receipts and Returns for Defendant Washington on September 1, 2017; and Defendant McClean on October 16, 2017, both showing that the summonses were returned executed with respect to the first amended complaint.

October 30, 2017, upon inquiry from the court, the Marshals Service filed a Process Receipt and Return indicating the summons for Defendant Smith was returned executed via service upon Defendant Smith's roommate.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

The court has thoroughly reviewed the record. In the court's view, fairness dictates that the Marshals Service attempt service of the second amended complaint on Defendant Smith at the residence where Defendant Smith was served via his roommate. The Clerk of Court is directed to prepare a summons and the attention of the Marshals Service is directed to ECF No. 142 for such information as may be pertinent. Plaintiff's motion for default judgment (ECF No. 109) is **denied**, without prejudice. The case is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

                                                    s/Margaret B. Seymour
                                                    Margaret B. Seymour
                                                    Senior United States District Judge

Columbia, South Carolina

November 15, 2017