UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RUSSELL GEISSLER, | ) | C/A No. 4:17-0236-MBS-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| LISA YOUNG, CAPTAIN OF SALUDA | ) | |
| DORM; DENNIS BUSH, WARDEN, BROAD | ) | |
| RIVER PRISON; BRIAN SMITH, LT. OVER | ) | |
| SALUDA ON NIGHT SHIFT; McCLEAN, | ) | |
| CORRECTIONAL OFFICER AT BRCI, | ) | |
| WASHINGTON, ASSOC. WARDEN BROAD | ) | |
| RIVER CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Defendants. | | |

_____

Presently before the court is Plaintiff's second Motion to Compel Discovery. (ECF #134). Defendants filed a response in opposition to the motion. (ECF #137).

On August, 15, 2017, this Court entered an order granting in part and denying in part Plaintiff's First Motion to Compel. (ECF. #103). In this current Motion to Compel, Plaintiff complains that Defendant Bush did not adequately respond to Interrogatory Nos. 8, 11, and 12 as instructed in the court's order and requests an order to compel an answer to Interrogatory No. 9 which was not raised or addressed in the previous motion or order. In their response, Defendants contend that they

1

forwarded the supplemental responses in compliance with the court order to Plaintiff on September 15, 2017.

In the court's order (ECF #103), Defendant Bush was ordered to supplement his interrogatory answers to Interrogatory Nos. 3, 4, 5 and 8. The Court found Defendant Bush's responses to Interrogatory Nos. 11 and 12 to be sufficient.

**Interrogatory No. 8**

The following was Plaintiff's Interrogatory No. 8, Defendant Bush's response, and the Court's ruling:

> Interrogatory #8: Can you tell me the Courts the occupants of cell #132 and their charges on the dates of December 22, 2016 threw December 31, 2016?
>
> Response: This Interrogatory is burdensome, overbroad and seeks information not reasonably calculated to produce relevant or admissible information. Upon information and belief, the names or SCDC numbers of other Inmates are not relevant to this litigation and to produce the same may be a security concern without additional information from Plaintiff on why such information is sought.
>
> Court's ruling: Defendant should respond to Interrogatory #8 to the extent of his knowledge, if any.

In this second Motion to Compel, Defendants submit that Defendant Bush supplemented his response to Interrogatory No. 8 as follows:

> The Defendant does not recall the occupants of cell # 132 on the referenced dates; however, the Defendant

> responds that he can provide the court with information responsive to this interrogatory to the extent that the information is located in SCDC's records. To the extent that this Interrogatory asks whether the same information can be provided to the Plaintiff, the Defendant responds that the disclosure of names or SCDC numbers of other Inmates may be a security concern and certainly poses confidentiality issues as noted in Policy and Procedure OP-21.09 (7), without additional information from Plaintiff on why such information is sought. Further, the Defendant requests clarification from the Plaintiff on what he is seeking with respect to "charges" for the occupants of cell #132 on the dates above.

Defendant Bush also included an explanatory statement in the cover letter for the supplemental Interrogatory No. 8 answer, requesting clarification on the information sought and why the Plaintiff believes the information is relevant. Specifically, the letter to Plaintiff stated:

> Please note that Interrogatory No. 8, which asks whether Warden Bush "can you tell the Courts" the names of the occupants of cell No. 132 "and their charges," does not inquire whether that information can be supplied to you. If that was the intent of your question, we need additional information about (a) why you are seeking that information, because it may raise security concerns as well as confidentiality concerns that are outlined in SCDC Policy and Procedure OP-21.09 (7), that may need to be addressed by the court, and (b) your reference to "charges," which is not entirely clear to us.

Defendants assert that prior to Plaintiff's filing of this current Motion to Compel, they had not been given any additional information from Plaintiff to evaluate his request

3

and the security concerns which may be implicated in the same. However, Defendants state in their response that "in the spirit of good faith and seeking to resolve this discovery dispute", they would provide the information available through SCDC records regarding the request once it became available. Specifically, Defendants stated:

> Defendants' counsel has already inquired to SCDC security and document retention staff at BRCI to identify this information and is awaiting response from the same. Defendants will make what information is reasonably available to Plaintiff unless and until the results require additional input from this Court due to safety concerns or other like policy issues. Defendants reserve their rights to bring such matters to the Court's attention, if necessary, once the information has been supplied to and reviewed by the undersigned attorney.

Defendants asserted that they expected to have the response and to review the information within fourteen days of the filing of their response on October 16, 2017. Based on the above, Plaintiff's Motion to Compel Interrogatory No. 8 is denied as moot.

**<u>Interrogatory Nos. 11 and 12</u>**

Plaintiff requests that the court order Defendants to sufficiently respond to Interrogatory Nos. 11 and 12. Defendants responded that the court has already considered this request and denied it making it moot.

In the order of August 15, 2017, this court ruled that Defendants' responses to

Interrogatory Nos. 11 and 12 were sufficient and denied Plaintiff's motion. Because the court has already considered Plaintiff's Motion to Compel with regard to Interrogatory Nos. 11 and 12, the motion is denied.

**<u>Interrogatory No. 9</u>**

Plaintiff requests an order to compel with respect to Interrogatory No. 9, which was not previously raised by the Plaintiff or ruled upon in the previous order.

Interrogatory No.9 requests as follows:

Were you at work on the following dates December 22, 23, 27, 28 and Jan 1st? December being 2016 January being 2017.

Defendants object to this Interrogatory arguing Plaintiff waived his right to seek the Court's ruling on Interrogatory No. 9 because it could have been added in the first discovery motion. However, Defendant Bush responded that the information would be requested and the answer supplemented when and if additional relevant information became available. Defendant Bush stated that they would "endeavor to provide Plaintiff an Answer to Interrogatory No. 9 in the same time frame as noted for a response to Interrogatory No. 8 (14 days) unless otherwise provided by this Court." (ECF #137 at 5). Therefore, Defendants assert since they agreed to provide Plaintiff with the results of its search for the information requested in Interrogatory No. 9, Plaintiff's motion should be denied as moot.

Based on Defendants response as set forth above, Plaintiff's Motion to Compel

Interrogatory No. 9 is denied as moot.

    IT IS SO ORDERED.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

March 12, 2018
Florence, South Carolina