UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RUSSELL GEISSLER, | ) | C/A No. 4:17-0236-MBS-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| LISA YOUNG, CAPTAIN OF SALUDA | ) | |
| DORM; DENNIS BUSH, WARDEN, BROAD | ) | |
| RIVER PRISON; BRIAN SMITH, LT. OVER | ) | |
| SALUDA ON NIGHT SHIFT; McCLEAN, | ) | |
| CORRECTIONAL OFFICER AT BRCI, | ) | |
| WASHINGTON, ASSOC. WARDEN BROAD | ) | |
| RIVER CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Defendants. | | |

_____

Presently before the court is Plaintiff's Motion to Compel Discovery. (ECF #160). Defendants filed a response in opposition to the motion. (ECF #167).

In this motion, Plaintiff has complained about responses to Interrogatory Nos. #1, 5, 6 and 9 presented to Defendant McLean. Each will be discussed below.

**Interrogatory No. 1**

    1:        Can you tell the Plaintiff the reason SCDC "terminated" your employment?

   Answer:        Objection. This interrogatory calls for information that is not relevant to the current litigation and exceeds the scope of discovery set forth in Rule

1

> 26(b)(1). Furthermore, the information sought is contained within a confidential and restricted resources file that contains, among other things, personal identifying information regarding the defendant which needs to remain restricted from the Inmate population of SCDC for security purposes.
>
> Notwithstanding the previous objection, and not waiving the same, Defendant's separation from employment at SCDC was in no way related to the events or allegations at issue in this lawsuit.
>
> To the extent this Interrogatory seeks an admission it is denied.

In the response to this Motion to Compel, Defendants assert the response was entirely appropriate and any effort to seek additional personal and confidential information concerning this former SCDC correctional officer and his personnel file is objectionable. Id.

Plaintiff's Motion to Compel as to Interrogatory No. 1 is granted to the extent that, within fifteen days from the date of this order, Defendants are to provide the reason for McLean's separation from employment to the Plaintiff or if Defendants want to provide it for *in camera* review, Defendants are to also provide a more specific statement to the court as to why they think the reason for the termination should be considered protected information.

**Interrogatory No. 5**

> 5. Where [sic] you known, by multiple inmates, to bring things in off the "streets" to give to inmates, such as candy and ink pens?
>
> Answer: Objection. This interrogatory seeks a validation and or consent to facts that are not in evidence before the Court. Furthermore, this Interrogatory seeks information that is not relevant to the current litigation and exceeds the scope of discovery set forth in Rule 26(b)(1).
>
> Notwithstanding the previous objections, and not waiving the same, the answer to this interrogatory is no.
>
> To the extent this Interrogatory seeks an admission it is denied.

The Motion to Compel Interrogatory No. 5 is denied. Defendants responded to the interrogatory stating "No."

**Interrogatory No. 6**

> 6. How many write ups did you receive while working for SCDC?
>
> Answer: Objection. This interrogatory calls for information that is not relevant to the current litigation and exceeds the scope of discovery set forth in Rule 26(b)(1). Furthermore, the information sought is contained within a confidential and restricted human resources file that contains, among other thins, personal identifying information regarding the Defendant which needs to remain restricted from the Inmate population of SCDC for security purposes.
>
> Notwithstanding the previous objection, and not

3

> waiving the same, Defendant received no sanction or admonishment from his superiors at SCDC in any way related to the facts and allegations at issue in this lawsuit.

Defendants assert this exceeds the scope of discovery set forth in Rule 26(b)(1). It is clear this interrogatory is overly broad as it contains no date restriction, subject matter restriction, and fails to define the parameters of "write up." Additionally, Defendants responded to the interrogatory stating that Defendant McLean "received no sanction or admonishment from his superiors at SCDC in any way related to the facts and allegations at issue in this lawsuit." (ECF #167 at 4). Therefore, Plaintiffs Motion to Compel as to this interrogatory is denied.

**Interrogatory 9**

> 9. Have you ever entered a personal relationship with an inmate; such as: financial or some other type of "favor" insentive [sic] that benefits you or them or both of you?
>
> Answer: Objection. This Interrogatory seeks a validation and or consent to facts that are not in evidence before the Court. Furthermore, this Interrogatory seeks information that is not relevant to the current litigation and exceeds the scope of discovery set forth in Rule 26(b)(1).
>
> Notwithstanding the previous objections, and not waiving the same, no.
>
> To the extent this Interrogatory seeks an admission it is

denied.

The Motion to Compel Interrogatory No. 9 is denied. Defendants responded to the interrogatory stating "no."

Also before the court is Plaintiff's motion for "Request for Clarification on subpenoing [sic] of Telephone and other documents/records." (Doc. #161 at 5). Specifically, Plaintiff is requesting to "get the Record of Gregory Washington's phone activity for a certain day" Id. Essentially, Plaintiff seeks a subpoena to obtain the records of Defendant Washington's phone activity for December 23, 2016, between the hours of 8:45 am and 1:45 pm to prove he is not being honest and that he did attempt to contact Officer Smith while standing in Plaintiff's room.

Defendant Washington filed a response opposing the motion stating that he is a named party to the underlying action so that an issuance of a subpoena to him is not proper. Defendants argue that if Plaintiff seeks to issue a subpoena to some as-of-yet-unspecified third-party record keeper, Plaintiff's request should be denied for failure to follow Rule 45 of the Federal Rules of Civil Procedure.

Plaintiff's attention is directed to Rule 45 of the Federal Rules of Civil Procedure. The Clerk's office is directed to send one unsigned blank subpoena form to the Plaintiff. Plaintiff shall appropriately fill it out and return it to the court for review, within ten (10) days of the date of this order. Once the subpoena form has

been appropriately completed and returned, it will be signed and sent back to the Plaintiff for service on the named individual within thirty (30) days from the date the Clerk's office mails the signed subpoena to Plaintiff.[1]

IT IS SO ORDERED.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 12, 2018
Florence, South Carolina

---

[1] **When seeking subpoenas for documents, Plaintiff should be precise as to the documents requested and the source to which the subpoena is directed, as well as showing an ability to pay any costs associated therewith.**